IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | |
|---|---|
| **JOYCE NABINETT,** * | |
| Plaintiff, * | |
| v. * | Case No.: GJH-20-1357 |
| * | |
| **UNITED STATES OF AMERICA,** * | |
| Defendant. * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

Plaintiff Joyce Nabinett brought this civil action against the United States of America under the Federal Torts Claims Act ("FTCA"), alleging that the Department of Energy's negligence caused her to slip and fall in a Department of Energy building located in Washington, D.C. ECF No. 1; ECF No. 7-2. Pending before the Court is Defendant's Motion to Dismiss. ECF No. 6.[1] No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). For the following reasons, Defendant's Motion to Dismiss is denied.

---

[1] In Plaintiff's Opposition, Plaintiff moves for leave to amend her complaint and attaches an Amended Complaint as an exhibit. ECF No. 7 at 8; ECF NO. 7-2. However, Fed. R. Civ. P. 15(a) states that: "A party may amend its pleading once *as a matter of course* within: . . . (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or *21 days after service of a motion under Rule 12(b)*, (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a) (emphasis added). In the instant case, Plaintiff filed her first Amended Complaint nine days after Defendant filed its Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), and, thus, she need not seek leave to file the Amended Complaint under Fed. R. Civ. P. 15(a). Plaintiff's Amended Complaint, ECF No. 7-2, is now the operative pleading.

Nevertheless, the Court does not find that Defendant's Motion to Dismiss is moot. "When a plaintiff files an amended complaint, a defendant's previous motion to dismiss is not automatically rendered moot. . . . A defendant should not be required to file a new motion to dismiss simply because an amended pleading was introduced while its motion was pending. If some of the defects raised in the original motion remain in the new pleading, the court simply may consider the motion as being addressed to the amended pleading." *Taylor v. Delmarva Power & Light Co.*, No. RDB-10-01796, 2011 U.S. Dist. LEXIS 165237, at *6 (D. Md. July 18, 2011) (internal quotation marks, brackets, and citations omitted). Here, Defendant argues that "the Amended Complaint fails to cure the fatal deficiencies of [Plaintiff's] pleadings[,]" ECF No. 8 at 7, consequently, the Court will consider Defendant's Motion to Dismiss as being addressed to the Amended Complaint.

1

I.  **BACKGROUND**

A.  **Factual Background[2]**

On or about November 6, 2018, at approximately 2:00 p.m., Plaintiff was walking on the United States Department of Energy premises located at 1000 Independence Avenue, S.W., Washington, D.C. 20585 (the "Premises") when she stepped on a wet, slippery floor at or near the door to the courtyard of the GH Corridor, whereupon she slipped and fell to the ground. ECF No. 7-2 at 7.[3] On the day of Plaintiff's fall, it had been raining for a period of time and, during that period of time, patrons, employees, and/or other individuals tracked water inside the Premises, causing the floor in the area where Plaintiff slipped and fell to become wet and slippery. *Id.* at 8.

Plaintiff sustained severe, painful, and permanent injuries to her body, as well as severe and protracted shock to her nervous system, as a result of her fall. *Id.* at 9. Plaintiff, because of these injuries, has been forced to expend, and will continue to expend in the future, large sums of money from hospitalization, x-rays, doctors, nurses, medical treatment, and medications. *Id.* Moreover, Plaintiff was forced to take time off from her employment and suffered a loss of wages. *Id.*

Defendant owned and/or maintained the premises where Plaintiff's fall and resulting injury occurred and, consequently, had a duty: (1) to maintain the floors of the Premises in a safe condition; (2) to provide mats at the entry/exit ways to prevent water from being tracked into the Premises pursuant to safe walking surface codes; (3) to rid the Premises' floors of all dangerous,

---

[2] Unless otherwise stated, the background facts are taken from Plaintiff's Amended Complaint, ECF No. 7-2, and are presumed to be true.

[3] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

unsafe, and slippery conditions; and (4) to warn the Plaintiff of all dangerous, unsafe, and slippery conditions. *Id.* at 7–8. According to the Amended Complaint, Defendant breached these duties. *Id.* at 9. Although Defendant "knew or should have known" that the subject floor on the Premises was in a dangerous, unsafe, and slippery condition on the day of Plaintiff's fall, Defendant failed to provide mats, wet floor signs, and/or warnings at the location of Plaintiff's slip and fall in violation of multiple safe walking surface codes, and also failed to take reasonable efforts to clean/dry the floor. *Id.* at 7–9. Moreover, Defendant failed to correct, prevent, and/or warn Plaintiff about the dangerous condition on the Premises despite having "had a reasonable time to rid the subject floor of the dangerous, unsafe, and slippery condition[;] prevent the dangerous, unsafe, and slippery condition from forming on the subject floor[;] and/or warn Plaintiff of the dangerous, unsafe condition created by the substance on the subject floor of the Premises[.]" *Id.* at 8. Plaintiff's injuries were a result of Defendant's breach. *Id.* at 9.

### B.     Procedural Background

On January 23, 2020, Plaintiff filed an administrative claim with the United States Department of Energy. ECF No. 7-2 at 7. The administrative claim was denied on March 30, 2020. *Id.*; ECF No. 6-3. Plaintiff then initiated the instant action in this Court on June 1, 2020. ECF No. 1. Defendant responded to Plaintiff's Complaint by filing a Motion to Dismiss for failure to state a claim on October 19, 2020. ECF No. 6. On October 28, 2020, Plaintiff, in one filing, opposed Defendant's Motion and filed a first Amended Complaint. ECF No. 7; ECF No. 7-2. Defendant replied in support of its Motion to Dismiss on November 12, 2020, and, in the same brief, argued that Plaintiff's Amended Complaint was futile. ECF No. 8.

## II.    STANDARD OF REVIEW

Defendant argues the Court should dismiss this action for failure to state a claim under

Fed. R. Civ. P. 12(b)(6). A motion to dismiss under 12(b)(6) "test[s] the adequacy of a complaint." *Prelich v. Med. Res., Inc.*, 813 F. Supp. 2d 654, 660 (D. Md. 2011) (citing *German v. Fox*, 267 F. App'x 231, 233 (4th Cir. 2008)). Motions to dismiss for failure to state a claim do "not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Prelich*, 813 F. Supp. 2d at 660 (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)). To overcome a Rule 12(b)(6) motion, a complaint must allege sufficient facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In evaluating the sufficiency of the plaintiff's claims, the Court accepts factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff. See *Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Lambeth v. Bd. of Comm'rs of Davidson Cty.*, 407 F.3d 266, 268 (4th Cir. 2005). However, the complaint must contain more than "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009). Indeed, the Court need not accept unsupported legal allegations, see *Revene v. Charles Cty. Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters of Norfolk v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979). Nonetheless, the complaint does not need "detailed factual allegations" to survive a motion to dismiss. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

**III.    DISCUSSION**

Plaintiff brings her negligence claim against Defendant under the FTCA. "The FTCA

allows an individual to sue 'the United States for money damages . . . for injury . . . caused by the negligent or wrongful act or omission of any employee of the federal Government while acting in the scope of his employment, under circumstances where the United States, if a private person, would be liable[.]'" *Moorman v. United States*, 829 F. Supp. 2d 1, 2 (D.D.C. 2011). "The FTCA only provides jurisdiction, not the substantive cause of action." *Chang-Williams v. Dep't of the Navy*, 766 F. Supp. 2d 604, 619 (D. Md. 2011). "[A]n action under the FTCA exists only if the State in which the alleged misconduct occurred would permit a cause of action for that misconduct to go forward." *Id.* (internal quotation marks and brackets omitted) (quoting *Carlson v. Green*, 446 U.S. 14, 23 (1980)). Thus, in evaluating Defendant's argument that Plaintiff fails to state a claim for which relief can be granted, the Court must look to the District of Columbia's negligence law since the District of Columbia is the state in which Defendant's alleged misconduct occurred.[4]

Defendant presents two arguments against Plaintiff's claim: (1) Plaintiff's Amended Complaint fails to allege in sufficient detail the scope of the employment of the federal employees involved, a requirement under the FTCA, ECF No. 8 at 6; and (2) Plaintiff has insufficiently alleged a negligence claim under District of Columbia law, ECF No. 6-1 at 4–6; ECF No. 8. The Court addresses each argument separate below.

### A. Sufficiency of Plaintiff's Allegations Regarding Scope of Employment

Defendant argues the Court should dismiss Plaintiff's negligence claim because "[t]he Amended Complaint lacks any factual allegations concerning the negligence of any employee of

---

[4] "The FTCA requires the government's liability to be determined in accordance with the law of the place where the act or omission occurred. . . . The place where the act or omission occurred is the place where the acts of negligence took place, not the place of injury." *Chang-Williams*, 766 F. Supp. 2d at 620 (internal quotation marks, brackets, and citations omitted). Plaintiff alleges that Defendant acted negligently in failing to maintain the Premises, which is in the District of Columbia, in a reasonably safe condition. ECF No. 7-2 at 8. Thus, the alleged misconduct occurred in the District of Columbia.

the Government while acting within the scope of his office or employment that proximately caused Plaintiff's fall." ECF No. 8 at 6. (internal quotation marks and citations omitted). Specifically, "[Plaintiff] does not identify any particular Government agents or employees who shirked some responsibility or took some action contributing to her accident." *Id.* Defendant cites *Moorman v. United States*, 829 F. Supp. 2d 1 (D.D.C. 2011), and *Barnett v. United States*, 193 F. Supp. 3d 515 (D. Md. 2016) to support its argument. *Id.* However, those cases are distinguishable from the instant case.

In *Moorman*, the plaintiff alleged that she fell down a stairway at the National Guard Armory, but she "fail[ed] to allege any federal Government action or omission. 829 F. Supp. 2d at 3. Instead, the plaintiff stated that she "ha[d] reason to believe the District of Columbia [not the federal Government] had responsibility for maintaining and repairing the steps" down which she fell. *Id.* The District of Columbia is not an agency of the federal government. *Id.* Thus, in *Moorman*, the court dismissed the FTCA claim. *Id.*

In *Barnett*, aside from alleging that the Government was liable for his fall on a public sidewalk, the plaintiff failed to allege that any employee of the Government acted negligently. *Barnett v. United States*, 193 F. Supp. 3d at 519. Instead, the plaintiff in *Barnett* only alleged that the Government owned the H lot, which is not where the plaintiff's fall occurred. *Id.* Moreover, the court in *Barnett* recognized that the county code for the Maryland county in which the plaintiff's fall occurred stated that the county is responsible for the maintenance of public sidewalks—that county code is consistent with the stance Maryland courts have taken on the allocation of sidewalk-maintenance duties. *Id.* at 519–20. Thus, in *Barnett*, the FTCA claim was also dismissed. *Id.* at 521.

Plaintiff's allegations here are distinguishable from the plaintiffs' allegations in *Moorman*

6

and *Barnett*. Plaintiff has alleged that (1) Defendant owned/maintained the Premises in which her accident occurred, and (2) it was "by and through [Defendant's] agents, servants, and/or employees" that Defendant breached its duties to Plaintiff. ECF No. 7-2 at 7, 9. Although, Plaintiff did not specifically identify "a single employee of the United States" in her Amended Complaint, *see* ECF No. 6 at 1–2, such detailed allegations are unnecessary at this stage of litigation. Moreover, it is unclear how Plaintiff would know before discovery which employees or agents of Defendant are responsible, within the scope of their employment, for laying out mats and wet floor signs, drying/cleaning slippery floors, and warning invitees of the danger of wet floors.

      **B.**    **Sufficiency of Plaintiff's Negligence Claim under District of Columbia Law**

"To state a negligence claim under District of Columbia law, a plaintiff must plead facts establishing that '(1) the defendant owed a duty of care to the plaintiff, (2) the defendant breached that duty, and (3) the breach of duty proximately caused damage to the plaintiff.'" *Muhammad v. United States*, 300 F. Supp. 3d 257, 264 (D.D.C. 2018) (quoting *Wise v. United States*, 145 F. Supp. 3d 53, 60 (D.D.C. 2015)). Plaintiff's Amended Complaint meets these pleading requirements.

As to the first element, duty, District of Columbia Court of Appeals "case law establishes that an owner of a property has a duty to exercise reasonable care to cure a dangerous condition if (1) [it] has actual or constructive notice of the condition and (2) [it] has the right to exercise control over the condition." *Campbell v. Noble*, 962 A.2d 264, 266 (D.C. 2008) (citing, *inter alia*, *Youssef v. 3636 Corp.*, 777 A.2d 787, 795 (D.C. 2001)). In the instant case, Plaintiff alleges that Defendant "owned and/or maintained" the Premises where her slip and fall occurred and, therefore, "Defendant, by and through its agents, servants, and/or employees, had a duty to

maintain the subject floor on the Premises in a safe condition," which included: (1) "provid[ing] mats at the entry/exit ways to prevent water from being tracked into the premises[;]" (2) "rid[ding] the subject floor on the Premises of all dangerous, unsafe, and slippery conditions[;]" and (3) "warn[ing invitees, like] Plaintiff[,] of the dangerous, unsafe, and slippery condition[.]" ECF No. 7-2 at 8. Moreover, Plaintiff alleges that on the day of her fall (1) "there was rainfall for a period of time[;] (2) "during that period of time, water was tracked inside[;]" and (3) Defendant "knew or should have known that the subject floor on the Premises was in a dangerous, unsafe, and slippery condition." *Id.* These allegations are sufficient to establish, at the motion to dismiss stage, that Defendant, as the owner of the Premises, owed Plaintiff a duty of care. *See Harris v. H.G. Smithy Co.*, 429 F.2d 744, 745–46 (D.C. Cir. 1970) ("[E]vidence of a substantial period of rain is sufficient to give a landlord constructive notice of the foreseeable hazards that may result from that rain, including the risk that water will be tracked into an apartment lobby and the floor will become slippery. . . . If rain and the normal traffic of tenants regularly result in a slippery lobby floor, then a landlord cannot wait each time it rains for notice that the floor is wet.").

As to the second element of negligence claim, breach, Plaintiff has clearly alleged that Defendant breached its duty of care by:

> failing to maintain the subject floor on the Premises in a safe condition, [] failing to provide mats at the entry/exit ways to prevent water from being tracked into the premises pursuant to safe walking surface codes, [] failing to rid the subject floor on the Premises of all dangerous, unsafe, and slippery conditions, [] failing to warn the Plaintiff of all dangerous, unsafe, and slippery conditions on the Premises, [] creating the dangerous, unsafe, and slippery condition on the subject floor, and [] otherwise acting in a negligent manner.

ECF No. 7-2 at 9. Defendant argues, nevertheless, that these allegations in the Amended Complaint are contradictory because according to the Department of Energy's incident report, Plaintiff originally reported that she had "wipe[d] her feet on the carpet and started walking back to the break room when she lost her footing and fell to the floor[,]" which contradicts Plaintiff's

allegation that Defendant failed to provide mats. ECF No. 8 at 5–6 (quoting ECF No. 6-3 at 3). This inconsistency, however, is not fatal to Plaintiff's claim. Taking all inferences in Plaintiff's favor, Plaintiff's allegations support the inference that, even if Defendant provided some form of carpet or mat, it was insufficient "to prevent water from being tracked into the premises[,]" ECF No. 7-2 at 9, and thus Defendant breached its duty of care. Moreover, failing to provide mats at the entry/exit ways is only one of several breaches of duty Plaintiff alleges. Thus, Plaintiff has sufficiently pleaded the second element of her negligence claim.

Finally, Plaintiff sufficiently pleads the third element of a negligence claim, damages. Plaintiff pleads that, as a result of Defendant's breach, the floor "at or near the door to the courtyard of the GH Corridor" was wet and slippery, which caused her to slip and fall. ECF No. 7-2 at 7. Plaintiff's fall allegedly resulted in her severely injuring herself causing damages in the form of pain and suffering, medical bills, and lost wages. *Id.* at 9.

\*\*\*

Because Plaintiff has sufficiently alleged an action or omission by a federal employee, as well as each element of a negligence claim under District of Columbia law, she has stated a claim upon which relief can be granted. Accordingly, the Court denies Defendant's Motion to Dismiss, ECF No. 6.

### IV.     CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is denied. A separate Order shall issue.

Date: <u>September 28, 2021</u>              <u>     /s/                                                    </u>
                                                                    GEORGE J. HAZEL
                                                                    United States District Judge